**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

COREY A. KERNS
5968 Norwalk Rd
Medina, OH 44256

KEITH J. KERNS
654 W. Britton Road
Burbank, OH 44214

                                  CASE NO.

MARK ZANTENE
89300 Beaver Dam Road                 JUDGE
Bowerston, OH 44695

LINDA ZANTENE                       **COMPLAINT**
257 Lourdes St
Lake Wales, FL 33859

                              (Plaintiffs Demand a Trial
ROBERT J. ZANTENE TRUST         by Jury on all Issues Triable By Jury)
MARK ZANTENE and
CATHY SKUBOVIUS
TRUSTEES
39035 Hanover Ridge Rd
Scio, OH 43988

HELEN ZANTENE
35011 Gundy Ridge Road
Scio, OH 43988

CONNIE HUHN
107 Kari Lane
Byesville, OH 43723

       PLAINTIFFS

v.

1

CHESAPEAKE EXPLORATION, L.L.C.
2321 Energy Drive
Louisville, OH 44641

RICHARD J. SIMMERS, CHIEF
DIVISION OF OIL AND GAS RESOURCES MANAGEMENT
2045 Morse Road, Building F-2
Columbus, OH 43229-6693

    DEFENDANTS

**COUNT 1—CLAIM AGAINST DEFENDANT CHESAPEAKE PURSUANT TO SECTION 1983 AND FOR DECLARATORY JUDGMENT, INJUNCTIVE RELIEF AND DAMAGES**

1. This action against Defendant Chesapeake Exploration, L.L.C. (Chesapeake) arises under the Fourteenth Amendment to the Unites States Constitution, 42 U.S.C. Section 1983, and 28 U.S.C. Section 2201. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Sections 1331 and 1343.

2. This action against Defendant Richard J. Simmers (Simmers) arises under the Fourteenth Amendment to the Unites States Constitution, and 28 U.S.C. Section 2201. Subject matter jurisdiction is conferred upon this Court pursuant to 28 U.S.C. Section 1331.

3. Venue is proper in this Court pursuant to 28 U.S.C. 1391 and Local Rule 3.8.

4. Defendant Chesapeake is licensed to do business in the State of Ohio, and at all times material hereto had an office in Stark County, Ohio located at 2321 Energy Drive, Louisville, Ohio, has conducted business with Plaintiffs in Cuyahoga County, Ohio regarding the rights to the oil, gas and natural gas liquids at issue in this action, and

conducts business in Carroll, Columbiana, Stark, Tuscarawas and Mahoning County, Ohio, and is therefore a resident of the Northern District of Ohio pursuant to Local Rule 3.8 and 28 U.S.C. Section 1391.

5. Defendant Richard J. Simmers (Simmers) is the Chief of the Ohio Division of Oil and Gas Resources Management (DOGRM) and as such is an official of the State of Ohio.

6. Defendant Simmers is empowered by Ohio Revised Code Section 1509.02 to administer the DOGRM and to issue orders pursuant to Ohio Revised Code Section 1509.28 compelling the unitization, that is, the aggregation of land, to form oil and gas drilling units within the State of Ohio and is engaged in activities within each county located within the Eastern Division of the Northern District of Ohio.

7. Plaintiffs are owners of approximately 127 acres of land located in Harrison County, Ohio, including the oil, gas and natural gas liquids located beneath the surface of such land, and have the exclusive right to extract said minerals.

8. Plaintiffs are citizens of the United States, and as such, are entitled to the protection of their property rights as secured by the United States Constitution.

9. Plaintiffs' incidents of ownership of property include exclusive possession, custody, control, use, benefit and voluntary disposition.

10. Plaintiffs' substantive property rights and right to due process of law are secured by the Fourteenth Amendment to the United States Constitution.

11. The Fifth Amendment to the United States Constitution as incorporated into the due process clause of the Fourteenth Amendment mandates that private property cannot be

taken except for public use and if taken for public use there shall be payment of just compensation.

12. The due process clause of the Fourteenth Amendment grants Plaintiffs procedural due process of law, that is, the process for taking Plaintiffs' property rights and privileges must be fair and conform to law.

13. On July 13, 2015, Defendant Simmers acting pursuant to the provisions of Ohio Revised Code Section 1509.28 and acting upon the Application of Defendant Chesapeake issued an Order to the following effect:

a. involuntarily unitizing, that is, aggregating approximately 120 acres of Plaintiffs' land with adjacent land to form an oil and gas drilling unit containing approximately 592 acres;

b. authorizing Defendant Chesapeake, a private commercial enterprise, to enter beneath Plaintiffs' land by horizontal drilling into the Utica-Point Pleasant shale formation for the purpose of drilling 3 wells; and

c. to further trespass beneath Plaintiffs' land to inject millions of gallons of water, sand and chemicals to hydraulically fracture said shale and to permanently alter the subsurface;

d. with the result that most of the water, sand and chemicals remain beneath Plaintiffs' land;

e. to release the oil, gas and natural gas liquids trapped within the shale beneath Plaintiffs' land allowing said minerals to flow through the borehole to adjacent land;

f. to remove oil, gas and natural gas liquids from beneath Plaintiffs' land;

g. to take possession of said minerals and to sell them;

h. thereby permanently and continually depriving Plaintiffs of the exclusive possession, control, custody, use and benefit of their property and permanently and continually depriving the Plaintiffs of the right to extract said minerals; and

i. determining the value that Plaintiffs should receive for their property rights; all in violation of the Plaintiffs' rights secured by the Fourteenth Amendment to the United States Constitution. The Order and Application are filed herewith.

14. On or about December 16, 2016, Defendant Simmers in furtherance of his Order issued a drilling permit to Defendant Chesapeake authorizing Chesapeake to drill an oil and gas well beneath Plaintiffs' land. The permit is filed herewith.

15. In January 2017, Defendant Chesapeake, pursuant to its Application and the Order and permit issued by Defendant Simmers, erected a drilling rig on the drilling unit containing Plaintiffs' land at the location depicted on Exhibit LE-2 attached to Chesapeake's Application to unitize.

16. In January 2017, Defendant Chesapeake, pursuant to its Application and Defendant Simmers' Order and permit, drilled one of the three oil and gas wells it intends to drill beneath Plaintiffs' land thereby depriving Plaintiffs of the exclusive possession, control, use and benefit of their property.

17. On April 30, 2017, Defendant Chesapeake injected more than 8 million gallons of water, sand and chemicals into the first well, including beneath Plaintiffs' land, thereby depriving Plaintiffs of the exclusive possession, use and benefit of their land.

18. On or about June 26, 2017, Defendant Chesapeake commenced removing, and continues to remove, the oil, gas and natural gas liquids from beneath Plaintiffs' land, thereby depriving Plaintiffs of the exclusive possession, control, use and benefit of their property.

19. The acts and omissions of Defendant Chesapeake as aforesaid caused the shale beneath Plaintiffs' land to fracture releasing the oil, gas and natural gas liquids trapped in the shale and allowed said minerals to migrate from beneath Plaintiffs' land to a wellhead located on adjacent land where Defendant Chesapeake continues to take possession and control of said minerals to the exclusion of Plaintiffs.

20. Defendant Simmers' Order and permit are ongoing violations of Plaintiffs substantive property rights and right to due process of law secured by the Fourteenth Amendment to the United States Constitution.

21. Defendant Simmers' Order and permit effect a conveyance of Plaintiffs' property rights to Defendant Chesapeake in violation of the Fifth Amendment Takings Clause as incorporated into the Fourteenth Amendment and Defendant Simmers' Order and permit were undertaken under color of law in violation of Plaintiffs' right to procedural due process of law.

22. The law of Ohio, including Ohio Revised Code Section 1509.28 relied upon by Defendant Simmers, does not declare that unitization of land to form a drilling unit is a public use, a public purpose, or is for the public welfare, nor does it provide a procedure for the determination of such use, and therefore denies Plaintiffs due process of law as secured by the Fourteenth of the United States Constitution.

23. The Order and permit issued by Defendant Simmers granting Chesapeake possession, control, use, benefit and disposition of Plaintiffs' property constitute an unlawful involuntary taking of Plaintiffs' private property and an unlawful taking either for a purported public use, or for a private use, and in either event violates Plaintiffs' property rights secured by the Fourteenth Amendment to the United States Constitution.

24. Defendant Simmers is not empowered or authorized to declare or determine that unitization of land is a public use, a public purpose, or is for the public welfare, nor is Defendant Simmers empowered or authorized to determine just compensation.

25. Defendant Simmers' Order determines the value of Plaintiffs' property in violation of the Fourteenth Amendment to the United States Constitution.

26. Ohio Revised Code Section 1509.28 relied upon by Defendant Simmers in issuing his Order and permit does not set forth a lawful process for determining the compensation to be paid to Plaintiffs for the denial of their property rights, and therefore, denies Plaintiffs due process of law as secured by the Fourteenth Amendment to the United States Constitution.

27. Ohio Revised Code Section 1509.28 relied upon by Defendant Simmers in issuing his Order and permit conflicts with Plaintiffs' rights granted pursuant to Ohio Revised Code Section 163.02 mandating that all appropriation of real property shall be made in accordance with the provisions of Ohio Revised Code Chapter 163, and therefore, denies Plaintiffs due process of law as secured by the Fourteenth Amendment to the United State Constitution.

28. Ohio Revised Code Section 163.01(H)(1) states that "'Public use' does not include any taking that is for conveyance to a private commercial enterprise" and therefore, the provisions of Ohio Revised Code Section 1509.28 and the actions and omissions of Defendant Simmers as aforesaid, deny Plaintiffs due process of law as granted by the Fourteenth Amendment to the United States Constitution.

29. The taking of Plaintiffs' private property involuntarily for the private use of Defendant Chesapeake is a violation of due process of law as granted to the Plaintiffs by the Fourteenth Amendment to the United States Constitution.

30. The provisions of Ohio Revised Code Section 1509.28 relied upon by Defendant Simmers in issuing his Order and permit are in conflict with and offend the mandate of the Fourteenth Amendment in that the provisions of Section 1509.28, and Defendant Simmers' Order and permit, deprive Plaintiffs of their property rights:

   a. by involuntarily unitizing Plaintiffs land into a drilling unit;

   b. by authorizing Chesapeake to horizontally drill beneath Plaintiffs' land;

   c. by authorizing Chesapeake to hydraulically fracture the shale beneath Plaintiffs' land;

   d. by authorizing the removal from beneath Plaintiffs' land of the oil, gas and natural gas liquids located beneath Plaintiffs' land;

   e. by conveying Plaintiffs property to a private commercial enterprise, to wit, Chesapeake Exploration, L.L.C.;

   f. for a use that is not a public use; and

   g. by failing to provide Plaintiffs with just compensation.

31. The Order and permit issued by Defendant Simmers effect the compelled unitization of Plaintiffs' land pursuant to Ohio Revised Code Section 1509.28 by invoking the State's police power to permanently dispossess Plaintiffs of their incidents of ownership including exclusive possession, control, custody, use, benefit and voluntary disposition of the land, oil, gas and natural gas liquids, whether the taking is for a public use or a private use.

32. The continuing acts and omissions of Defendant Simmers and Defendant Chesapeake as aforesaid, including the Order and permit issued by Defendant Simmers, deprive Plaintiffs of their property rights including the right to exclude, the right to exclusive possession, custody, control, use and benefit and constitute a taking of Plaintiffs' property in violation of the Fourteenth Amendment to the United States Constitution.

33. The acts and omissions of Defendant Simmers and Defendant Chesapeake as aforesaid impose a continuing permanent invasion of Plaintiffs' property, interfere with Plaintiffs reasonable and foreseeable use of said property and constitute a per se taking of said property.

34. The Order and permit issued by Defendant Simmers was in response to an Application to unitize filed by Chesapeake on November 10, 2014 with Defendant Simmers.

35. The Application to unitize filed by Defendant Chesapeake with Defendant Simmers pursuant to Ohio Revised Code Section 1509.28, that is, under color of law, requested that Defendant issue an order and permit to the following effect:

    a. involuntarily unitizing, that is, aggregating approximately 120 acres of Plaintiffs land with adjacent land to form an oil and gas drilling unit containing approximately 592 acres;

    b. authorizing Defendant Chesapeake, a private commercial enterprise, to enter beneath Plaintiffs' land by horizontal drilling into the Utica-Point Pleasant shale formation; and

    c. to further trespass beneath Plaintiffs' land to inject millions of gallons of water, sand and chemicals to hydraulically fracture said shale and to permanently alter the subsurface;

    d. with the result that most of the water, sand and chemicals remain beneath Plaintiffs' land;

    e. to release the oil, gas and natural gas liquids trapped within the shale allowing it to flow through the borehole;

    f. to remove oil, gas and natural gas liquids from beneath Plaintiffs' land; and

    g. to take possession of said minerals and to sell them.

36. Exhibit LE-2 attached to the Application depicts the proposed drilling unit. Plaintiffs' acreage is shown in green with orange cross-hatching and is referred to as "Non-Conforming."

37. Plaintiffs objected to Chesapeake's Application to unitize and submitted to Defendant Simmers a motion to dismiss the Application asserting among other reasons that the Application violated Plaintiffs' property rights as protected by the United States and Ohio constitutions.

38. Defendant Simmers ignored Plaintiffs' objections to the Application and did not rule upon Plaintiffs' motion to dismiss and issued his Order on July 13, 2015 and issued his permit on or about December 7, 2016.

39. Defendant Simmers violated Plaintiffs' right to due process of law granted by the Fourteenth Amendment to the United States Constitution by failing to timely notify Plaintiffs that he issued his Order on July 13, 2015. Defendant Simmers did not post notice of his Order on the DOGRM website docket until after November 4, 2015 and did not otherwise notify Plaintiffs of his Order until November 4, 2015.

40. On November 6, 2015, in response to Plaintiffs' inquiry as to why they were not timely informed of the Order by mail or on the DORGM website, Plaintiffs were informed that "there are no statutory requirements that the Order be posted on the Division's website. Copies of the Order were mailed to [others] …" but not to the Plaintiffs. Defendant Simmers failure to provide timely notice impaired Plaintiffs' pending claim and denied Plaintiffs due process of law.

41. Plaintiffs appealed the Order issued by Defendant Simmers to the Ohio Oil and Gas Commission pursuant to Ohio Revised Code 1509.36 asserting among other reasons that they were not timely notified of the Defendant Chief's Order, and that the Order violated Plaintiffs' property rights as protected by the United States and Ohio constitutions and that the Order was procedurally and substantively unjust and unlawful.

42. On July 7, 2016, the Ohio Oil and Gas Commission dismissed Plaintiffs' appeal stating that in Ohio "administrative agencies and tribunals may not decide constitutional questions."

43. The decision of the Ohio Oil and Gas Commission is a final administrative order and Plaintiffs have exhausted their Ohio administrative remedies and procedures.

44. On July 8, 2016, Plaintiffs filed a verified Complaint for writ of mandamus with the Ohio Supreme Court seeking an order to compel Defendant Simmers to commence appropriation proceedings regarding Plaintiffs' property in accordance with the provisions set forth in Ohio Revised Code Chapter 163.

45. On January 16, 2018, the Ohio Supreme Court denied Plaintiffs Complaint for a writ of mandamus stating that the Plaintiffs had an adequate remedy at law.

46. In the absence of horizontal drilling and hydraulic fracturing beneath Plaintiffs' land, the oil, gas and natural gas liquids located in the shale beneath Plaintiffs' land would not migrate from beneath Plaintiffs' land.

47. There is no pool of oil, gas or natural gas liquids in the shale located beneath Plaintiffs land which would migrate from beneath Plaintiffs' land in the absence of drilling and fracturing beneath Plaintiffs' land.

48. As a result of the acts and omissions of Defendant Chesapeake as aforesaid, Plaintiffs have been damaged in an amount of not less than $20,000,000.

49. Unless enjoined by order of this Court, Defendant Chesapeake will proceed to drill at least two additional oil and gas wells beneath Plaintiffs' land, will inject millions of gallons of water, sand and chemicals beneath Plaintiffs' land to fracture the shale

beneath Plaintiffs' land, and will continue to remove the oil, gas and natural gas from beneath Plaintiffs' land, all as purportedly authorized by the Order and permit issued by Defendant Simmers.

### COUNT 2—CLAIM AGAINST DEFENDANT RICHARD J. SIMMERS FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF—DOCTRINE OF EX PARTE YOUNG

50. Plaintiffs adopt by reference each of the averments set forth in Count 1 above.

51. Unless enjoined by an order of this Court, Defendant Simmers, by and through his Order and permit, and Chesapeake in reliance upon said Order and permit, will continue to remove the oil, gas and natural gas liquids from beneath Plaintiffs land and will drill additional wells beneath Plaintiffs land which will deprive Plaintiffs of their property rights as secured by the Fourteenth Amendment to the United States Constitution.

52. Unless declared void and invalid by this Court, Defendant Simmers' Order and permit will continue to deny Plaintiffs their property rights, and Chesapeake will proceed to drill two additional oil and gas wells beneath Plaintiffs' land and will remove the oil, gas and natural gas from beneath Plaintiffs' land, all as purportedly authorized by the Order and permit issued by Defendant Simmers.

### COUNT 3—PUNITIVE DAMAGES AGAINST DEFENDANT CHESAPEAKE

53. Plaintiffs adopt by reference each averment set forth in Counts 1 and 2 above.

54. The acts and omissions of Defendant Chesapeake as aforesaid were undertaken deliberately, intentionally and arrogantly for its own purposes, benefit and self-

aggrandizement and to the detriment and damage of the Plaintiffs. These matters were called to the attention of said Defendant and it was requested to halt its actions but it failed to do so. As a result thereof, Plaintiffs are entitled to punitive and exemplary damages against Defendant Chesapeake in the amount of not less than $20,000,000 together with attorney fees and costs.

**PRAYER FOR RELIEF**

Plaintiffs respectfully request the following relief:

1. Declare that Defendant Simmers' Order and permit violate Plaintiffs' rights secured by the Fourteenth Amendment to the United States Constitutions, and that said Order and permit are null and void.

2. Declare that Defendant Simmers' Order and permit effect a conveyance of Plaintiffs' property rights to Chesapeake and are a continuing violation of the due process clause of the Fourteenth Amendment to the United States Constitution and that said Order and permit are null and void.

3. Declare that Defendant Simmers is not empowered or authorized to declare or determine that unitization of land is a public use, a public purpose, or is for the public welfare.

4. Declare that Defendant Simmers' Order and permit convey Plaintiffs' property rights to Chesapeake, a private commercial enterprise, and that such conveyance is not for a public purpose, and that therefore the Order and Permit are null and void.

5. Declare that Defendant Simmers' Order and permit, and Ohio Revised Code Section 1509.28 as applied to Plaintiffs, violate Plaintiffs' rights secured by the Fourteenth Amendment to the United States Constitution to have a court assess compensation for the taking of their property.

6. Declare that Defendant Simmers' Order and permit, and Ohio Revised Code Section 1509.28 as applied to Plaintiffs, violate the due process clause of the Fourteenth Amendment to the United States Constitution, and are therefore null and void.

7. Declare that Defendant Simmers' Order and permit, and Ohio Revised Code Section 1509.28 as applied to Plaintiffs, are unlawful and are therefore null and void, in that they take Plaintiffs' property without just compensation in violation of the Fourteenth Amendment to the United States Constitution.

8. Declare that Defendant Simmers' Order and permit deny Plaintiffs due process of law as secured by the Fourteenth Amendment to the United States Constitution and are null and void.

9. Declare that the provisions of Ohio Revised Code Section 1509.28 relied upon by Defendant Simmers in issuing his Order and permit are in conflict with and offend the mandate of the Fourteenth Amendments to the United States Constitution, and that

Defendant Simmers' Order and permit deprive Plaintiffs of their property rights, and that Section 1509.28 as applied to Plaintiffs is unconstitutional.

10. Declare that Section 1509.28 as applied, and Defendant Simmers' Order and permit, are unlawful in that they seek to have an administrative agency determine public use without statutory authorization and without review by a court, in violation of the Fourteenth Amendment to the United States Constitution.

11. Enjoin Defendant Simmers from continuing to enforce his Order or the terms of his permit.

12. Enjoin Defendant Simmers from issuing any additional permit authorizing the drilling of wells on or beneath Plaintiffs' land.

13. Enjoin Defendant Simmers and Defendant Chesapeake from taking any action that will continue to deprive Plaintiffs of their property rights as secured by the Fourteenth Amendments to the United States Constitution.

14. Enjoin Defendant Simmers' and Defendant Chesapeake, and all other persons or entities from drilling additional oil and gas wells beneath Plaintiffs' land and from removing the oil, gas and natural gas from beneath Plaintiffs' land.

15. Award Plaintiffs compensatory damages in the amount of not less than $20,000,000 against Defendant Chesapeake.

16. Award Plaintiffs punitive damages in the amount of not less than $20,000,000 against Defendant Chesapeake.

17. Award Plaintiffs attorney fees against each of the Defendants and grant such other and further relief as the Court deems just and proper in the premises.

*/s/Phillip J. Campanella*
Phillip J. Campanella (0010875)
7059 Gates Rd
Gates Mills, OH 44040
440-655-1553
p.campanella@att.net

Attorney for Plaintiffs