**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

COREY A. KERNS, et al

    Plaintiffs

Case No. 5:18-cv-00389

Judge PATRICIA A. GAUGHAN

v.

Magistrate Judge WILLIAM H. BAUGHMAN, JR.

CHESAPEAKE EXPLORATION, L.L.C., et al

    Defendants

**PLAINTIFFS' MOTION FOR SANCTIONS**

Plaintiffs hereby move the Court for the imposition of sanctions against Defendant Chief Richard J. Simmers and his attorney, Brian J. Becker, and against Katerina E. Milenkovski, former attorney for Defendant Chesapeake Exploration, L.L.C. for failure to notify this Court and Plaintiffs and Plaintiffs' attorney of the Defendant Chief's Order entered on July 13, 2015, that is, prior to this Court's Order of dismissal entered on September 1, 2015 in a case related to the instant case and involving the Plaintiffs and said Defendants (*Kerns, et al. v. Chesapeake Exploration, et al.,* Case No. 15CV-00346). Plaintiffs request that the sanctions include:

    1. Payment of reasonable attorney fees;

2. Reimbursement of costs incurred by Plaintiffs; and

3. Such other and further sanctions as the Court deems proper and just in the premises.

Plaintiffs submit the attached Memorandum in Support of their Motion.

Respectfully submitted

*/s/ Phillip J. Campanella*
Phillip J. Campanella (0010875)
7059 Gates Rd
Gates Mills, OH 44040
440-655-1553
p.campanella@att.net
Attorney for Plaintiffs

**MEMORANDUM**

**STATEMENT OF FACTS**

The instant case is the second action between the parties. The initial civil action between Plaintiffs and Defendants was filed in this Court on February 23, 2015 and dismissed as premature on September 1, 2015. (*Kerns, et al. v. Chesapeake Exploration, et al.,* Case No. 15CV-00346; a copy of the Memorandum of Opinion and Order is filed herewith). At page 2 of the Memorandum of Opinion and Order dismissing the case, this Court stated: "To date, [Chesapeake's] application [for unitization] has not been ruled on by [Defendant Chief] Simmers." At page 5 of the Memorandum of Opinion and Order, this Court stated: "According to Defendants, Simmers has yet to make a final decision regarding the Gas Company Defendants' unitization application." Moreover, the Court, in concluding that a recent United States Supreme Court decision was not applicable stated at page 6, footnote 2 of its Memorandum of Opinion and Order: "In contrast, the statute at issue here applies to plaintiffs if and only if Simmers approves an application for unitization."

 In fact, Defendant Chief Simmers had issued his order granting Defendant Chesapeake's Application on July 13, 2015, **but Defendant Chief Simmers and his attorneys and the attorney for the Defendant Chesapeake failed to inform the Court or the Plaintiffs or Plaintiffs' attorney** that the order was issued. The order issued by Defendant Chief Simmers is an attachment to the Complaint filed in this case.

Defendant Chief Simmer's order was sent by certified mail to Defendant Chesapeake and its

1

attorneys, but not to Plaintiffs who had entered an appearance in the proceedings before the Defendant Chief, nor was the order sent to Plaintiffs' attorney who also entered an appearance in the proceedings.

Not only did the Defendant Chief fail to give notice of the issuance of his order to Plaintiffs and their attorney, said Defendant did not post the notice of issuance of the order on his department's website docket until after November 4, 2015.

The fact that Defendant Chief Simmers issued his order granting Defendant Chesapeake's Application was a significant, if not dispositive, fact affecting this Court's decision, particularly because each of the Defendants asserted in their respective motions to dismiss that Defendant Chief Simmers had not issued an order granting Defendant Chesapeake's Application.

As set forth in the Complaint filed in this case, the essence of the dispute between the Plaintiffs and Defendants is the substantive property rights of the Plaintiffs and the process for taking those property rights when there is a denial of those rights by a physical intrusion beneath Plaintiffs' property and a forced removal of minerals, all of which rights are secured to the Plaintiffs by the Fourteenth Amendment to the United States Constitution.

The dispute between the parties hereto began, as averred in paragraph 35 of the Complaint filed in this case, when on November 10, 2014, Defendant Chesapeake filed an Application with Defendant Simmers pursuant to Ohio Revised Code Section 1509.28 to compel the unitization, that is, the aggregation of Plaintiffs' land, with adjacent land to create an oil and gas drilling unit having a total of 592.8175310 acres of which Plaintiffs own 120.549972 acres.

Paragraph 35 of the Complaint filed in this case states:

> 35. The Application to unitize filed by Defendant Chesapeake with Defendant Simmers pursuant to Ohio Revised Code Section 1509.28, that is, under color of law, requested that Defendant Simmers issue an order and permit to the following effect:
>
> a. involuntarily unitizing, that is, aggregating approximately 120 acres of Plaintiffs land with adjacent land to form an oil and gas drilling unit containing approximately 592 acres;
>
> b. authorizing Defendant Chesapeake, a private commercial enterprise, to enter beneath Plaintiffs' land by horizontal drilling into the Utica-Point Pleasant shale formation; and
>
> c. to further trespass beneath Plaintiffs' land to inject millions of gallons of water, sand and chemicals to hydraulically fracture said shale and to permanently alter the subsurface;
>
> d. with the result that most of the water, sand and chemicals remain beneath Plaintiffs' land;
>
> e. to release the oil, gas and natural gas liquids trapped within the shale allowing it to flow through the borehole;
>
> f. to remove oil, gas and natural gas liquids from beneath Plaintiffs' land; and
>
> g. to take possession of said minerals and to sell them.

**ASSERTIONS BY DEFENDANT CHIEF SIMMERS IN CASE NO. 15 CV 00346**

In the Motion to Dismiss filed on June 29, 2015 by Defendants Simmers and the Division of Oil

and Gas Resources Management (DOGRM), attached hereto, said Defendants stated:

> "To date, the Chief has not issued an order on the unitization application." At page 5.
>
> "Here, the State Defendants have not reached a final decision regarding the application to unitize the mineral interests at issue." At page 11.
>
> "Until the Chief decides whether to approve the unitization of the mineral interests at issue, the case is not ripe for judicial review." At page 12.
>
> "Because the Chief has not made a final administrative decision about the unitization application, no claim is ripe for review." At page 13.
>
> "The Chief has made no final decision regarding the application to unitize the mineral interests at issue." At page 15.

In the Reply Brief filed by Defendant Chief Simmers on August 7, 2015, that is, after the Defendant Chief Simmers issued his order granting Chesapeake's Application but before this Court's decision, said Defendant asserted:

> "For the reasons set forth in the State's June 29, 2015 Motion to Dismiss and accompanying Memorandum in Support, and for the reason stated more fully below, Plaintiffs' Second Amended Complaint against the State Defendants should be dismissed." At page 1.

The Reply Brief (filed herewith) remarkably makes no reference to the fact that the Defendant Chief had issued his order granting Chesapeake's Application on July 13, 2015, that is, 3 weeks before the filing of the Reply Brief.

**ASSERTIONS BY DEFENDANT CHESAPEAKE EXPLORATION, L.L.C. IN CASE NO. 15 CV 00346**

In Defendant Chesapeake's Motion to Dismiss filed on May 18, 2015 by attorney Katerina E. Milenkovski, and submitted herewith, said Defendant asserted:

> "This court does not have subject matter jurisdiction because Plaintiffs' complaint is not ripe – the Ohio Department of Natural Resources ("ODNR") **has not yet ruled upon Chesapeake's application** to create the Our Land Co. Unit – and even if the ODNR *had* ruled on the application, Plaintiff's complaint would still be premature as Plaintiffs have not exhausted their administrative remedies." At page viii. (Emphasis added.)

> "Here, Plaintiffs have neither received a 'final decision' from the Ohio Department of Natural Resources nor have they sought 'compensation through the procedures the State has provided for doing so.'" At page 8.

**DISCUSSION**

Each of the Defendants argued in their respective motions to dismiss the fact that Defendant Chief Simmers had not issued an order granting Chesapeake's Application, and yet, when the Defendant Chief issued his order, the Defendants failed to notify this Court, or the Plaintiffs or Plaintiffs' attorney of the issuance of the order.

As set forth in paragraph 10 of the Complaint filed in this case:

> 10. On July 13, 2015, Defendant Simmers acting pursuant to the provisions of Ohio Revised Code Section 1509.28 and acting upon the Application of Defendant Chesapeake Exploration, L.L.C., (Chesapeake) issued an Order to the following effect:

5

a. involuntarily unitizing, that is, aggregating approximately 120 acres of Plaintiffs land with adjacent land to form an oil and gas drilling unit containing approximately 592 acres;

b. authorizing Defendant Chesapeake, a private commercial enterprise, to enter beneath Plaintiffs' land by horizontal drilling into the Utica-Point Pleasant shale formation for the purpose of drilling 3 wells; and

c. to further trespass beneath Plaintiffs' land to inject millions of gallons of water, sand and chemicals to hydraulically fracture said shale and to permanently alter the subsurface;

d. with the result that most of the water, sand and chemicals remain beneath Plaintiffs' land;

e. to release the oil, gas and natural gas liquids trapped within the shale beneath Plaintiffs' land allowing it to flow through the borehole to adjacent land;

f. to remove oil, gas and natural gas liquids from beneath Plaintiffs' land;

g. to take possession of said minerals and to sell them;

h. thereby permanently and continually depriving Plaintiffs of the exclusive possession, control, custody, use and benefit of their property and permanently and continually depriving the Plaintiffs of the right to extract said minerals; and

i. determining the value that Plaintiffs' should receive for their property rights; all in violation of the Plaintiffs' rights secured by the Fourteenth Amendment to the United States Constitution. …

As set forth in paragraphs 39 and 40 of the Complaint filed in this case:

> 39. Defendant Simmers violated Plaintiffs right to due process of law granted by the Fourteenth Amendment to the United States Constitution by failing to timely notify Plaintiffs that he issued his Order on July 13, 2015. Defendant Simmers did not post notice of his ruling on the DOGRM website docket until after November 4, 2015 and did not otherwise notify Plaintiffs of his Order until November 4, 2015.
>
> 40. On November 6, 2015, in response to Plaintiffs' inquiry as to why they were not timely informed of the Order by mail or on the DORGM website, Plaintiffs were informed that "there are no statutory requirements that the Order be posted on the Division's website. Copies of the Order were mailed to [others] …" but not to the Plaintiffs. Defendant Simmers failure to provide timely notice impaired Plaintiffs' pending claim and denied Plaintiffs due process of law.

Plaintiffs submit that the failure of Defendant Simmers and his attorneys and the failure of Katerina E. Milenkovski, the former attorney for Defendant Chesapeake to give notice to this Court and to Plaintiffs and their attorney violated their duty of candor to the Court and their duty of candor and fairness to the Plaintiffs and Plaintiffs' counsel and warrants the imposition of sanctions against each of them.

After receiving the Court's ruling, the attorneys failed to inform the Court and the Plaintiffs and their counsel that the Court's statement that "To date the Application has not been ruled on by Simmers", was not correct, and that the Court's rationale for not relying on the decision in *Horne* was based on incorrect facts.

Any sense of simple decency and respect required disclosure of the Defendant Chief's Order. Moreover, the attorneys' acts and omissions constitute a violation of the Ohio Rules of Professional Conduct as set forth in Rule 3.3 entitled **CANDOR TOWARD THE TRIBUNAL** and Rule 3.4 entitled **FAIRNESS TO OPPOSING PARTY AND COUNSEL**.

Comment [2] to Rule 3.3 states in pertinent part: "This rule sets forth the special duties of lawyers as officers of the court to avoid conduct that undermines the integrity of the adjudicative process. …the lawyer must not allow the tribunal to be misled by false statements of law or fact or evidence that the lawyer knows to be false."

Comment [1] to Rule 3.4 states in pertinent part: "Fair competition in the adversary system is secured by prohibitions against … concealment of evidence … ."

The attorneys for Defendants asserted to this Court that the Defendant Chief had not issued an order for unitization of Plaintiffs' land and became aware that the Defendant Chief had issued his order prior to this Court's ruling on September 1, 2015 and failed to disclose such fact to the Court or to the Plaintiffs or their counsel.

Although the statements made by the attorneys were accurate when initially made, they were not correct after Chief Simmers issued his order on July 13, 2015. The attorneys wrongful conduct is as follows:

    1. The attorneys had more than 6 weeks from the date of the Chief's order before this Court issued its Order on September 1, 2015 and had the duty to inform the Court, the Plaintiffs and Plaintiffs' counsel of the Chief's order but failed to do so.

8

2. Moreover, when the attorneys for Defendant Simmers filed their Reply Memorandum on August 7, 2015, the statements were incorrect and the attorneys failed to inform this Court and Plaintiffs and counsel for the Plaintiffs of the Chief's order.

3. Furthermore, the attorneys failed to inform this Court and the Plaintiffs and counsel for the Plaintiffs of the incorrect facts assumed by the Court after the attorneys received the Court's ruling on or about September 1, 2015.

The attorneys' acts and omissions undermined the integrity of the adjudicative process and the attorneys should be sanctioned for their conduct.

Plaintiffs submit that sanctions are warranted under the circumstances. Plaintiffs request that the sanctions include:

1. Payment of reasonable attorney fees;

2. Reimbursement of costs incurred by Plaintiffs; and

3. Such other and further sanctions as the Court deems proper and just in the premises.

Respectfully submitted

*/s/ Phillip J. Campanella*
Phillip J. Campanella (0010875)
7059 Gates Rd
Gates Mills, OH 44040
p.campanella@att.net
440-655-1553

Attorney for Plaintiffs

# CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of April 2018, a true and accurate copy of the foregoing Plaintiffs' Motion for Sanctions and Memorandum was served by filing with the Clerk of Court which will send notification of such filing to counsel for each Defendant by means of the CM/ECF System, and by e-mail to Katerina E. Milenkovski, former attorney for Defendant Chesapeake Exploration, L.L.C. (kathy.milenkovski@steptoe-johnson.com).

*/s/ Phillip J. Campanella*
Philip J. Campanella (0010875)
Attorney for Plaintiffs