IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Keith J. Kerns, *et al.*, | : | |
| | : | CASE NO: 5:18-cv-00389 |
| Plaintiffs, | : | |
| | : | Judge Patricia A. Gaughan |
| v. | : | |
| | : | Magistrate Judge William H. Baughman |
| Chesapeake Exploration, LLC, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM IN OPPOSITION OF
RICHARD SIMMERS AND BRIAN BECKER TO
PLAINTIFFS' MOTION FOR SANCTIONS**

## I. INTRODUCTION

A Motion for Sanctions is a serious matter, one that is not taken lightly by Chief Richard Simmers and Assistant Attorney General Brian Becker. This remains true even in the face of allegations made without basis and without merit, as is the case here. Rather than responding to the Motion to Dismiss with legal and factual arguments, Plaintiffs instead filed a frivolous Motion for Sanctions – without legal justification. It is unfortunate that the Court must now divert its attention from the merits of this case to evaluate Plaintiffs' Motion, which fails to set forth any basis supporting the severe result of sanctions.

1

## II. PROCEDURAL BACKGROUND

Plaintiffs' current case before this Court is the latest in their attempts to receive a decision favorable to their position. So far, Plaintiffs have challenged Chief Simmers decision to issue the Order under review in this case in this Court, which dismissed on the grounds of ripeness (Case No. 1:15-cv-00346); in the Ohio Oil and Gas Commission, which dismissed for lack of jurisdiction; and in the Ohio Supreme Court, which denied Plaintiffs' Complaint in Mandamus because Plaintiff failed to exercise their adequate remedy at law *(State ex rel. Kerns et al. v. Simmers, Chief,* 2018-Ohio-256 (2018)). Plaintiffs now return to this Court, through a direct challenge to the actions of Chief Simmers over which this Court lacks jurisdiction.

Plaintiffs' first challenge was filed in this Court prior to the Chief issuing the Order. (Case No. 1:15-cv-00346). On September 1, 2015, the Court dismissed Plaintiffs' challenge based on ripeness on two grounds: (1) that the Order was not yet issued; and (2) that Plaintiffs had not yet availed themselves of Ohio's procedures for obtaining just compensation, which is a requirement for ripening a takings claim. ("Memorandum of Opinion and Order," Case No. 15 CV 346, at pp. 6-7 (Sept. 1, 2015)).

Plaintiffs then proceeded to file an appeal of the Order in the Ohio Oil and Gas Commission. According to the Complaint, Plaintiffs' were aware of the Order as of November 4, 2015. (Summons on Complaint, Doc. #:4, PageID #:244, at ¶ 39). Notably, Plaintiffs chose not to file a Complaint with this Court once it became aware that the Order was issued. The Ohio Oil and Gas Commission dismissed Plaintiffs' appeal because the Commission lacked jurisdiction over the constitutional issues raised in the appeal. (Summons on Complaint, Doc. #:4, PageID #:244, at ¶ 42). Plaintiffs declined to appeal the Commission's ruling, as authorized by O.R.C. 1509.37, and instead immediately filed an original action in mandamus with the Ohio Supreme

Court. *See State ex rel. Kerns et al. v. Simmers, Chief,* 2018-Ohio-256 (2018). The Ohio Supreme Court denied Plaintiffs' Complaint for a Writ of Mandamus because Plaintiffs had an adequate remedy at law through appeal to the Franklin County Court of Common Pleas. *Id.* at 2.

Plaintiffs then returned to this Court and filed a Complaint on February 20, 2018. On April 4, 2018, Defendant Simmers filed a Motion to Dismiss in the current case. (Motion to Dismiss of Defendant Richard J. Simmers, Chief, Ohio Department of Natural Resources, Division of Oil and Gas Resources Management, Doc. #:8, PageID#: 260). In response, Plaintiffs filed a Motion for Sanctions against Chief Simmers and Assistant Attorney General Brian Becker ("Defendants"); the Motion for Sanctions does not allege any deficiencies in the Motion to Dismiss, or any other current conduct of Chief Simmers or Becker. (Plaintiffs' Motion for Sanctions, Doc #:11, PageID#417). Instead, Plaintiffs allege that the Defendants failed to notify Plaintiffs and this Court that the Chief issued the Order while the 2015 case was pending, effectively rendering the dismissal for ripeness as improper. However, Plaintiffs make no claims as to how the notification failure affects the current litigation nor do they support how the notification failure is a valid basis for sanctions. While Defendants raised the issue of ripeness in the Motion to Dismiss, it was only raised as it related to the ripeness of a takings claim. (Motion to Dismiss of Defendant Richard J. Simmers, et al., Doc. #:8, PageID#: 260, at p. 3).

**III. ARGUMENT**

    **A.  Plaintiffs have no valid legal basis to support a Motion for Sanctions.**

Sanctions may be available in federal court under one of the following four legal bases: (1) sanctions under Rule 11 for misrepresentations to the court in pleadings; (2) discovery sanctions under rules 26(g), 30(d), and 37; (3) sanctions under 28 U.S.C. §1927 to collect attorney's fees from attorneys who prolong litigation; and (4) sanctions within the inherent powers of the court.[1]  Plaintiffs do not cite any of these bases – or any other legal provision – to support their request for sanctions. Due to the lack of clarity of the Plaintiffs' Motion for Sanctions, Defendants will analyze the Motion under the two potential legal theories based on Plaintiffs' allegations: (1) sanctions filed pursuant to Fed. R. Civ. P. 11; and (2) sanctions filed pursuant to the inherent authority of this Court. Under either theory, Plaintiffs fail to properly establish an argument for sanctions.

    **i.  Rule 11 Sanctions**

A motion for sanctions is frequently brought under Fed. R. Civ. P. 11 ("Rule 11"). The applicable standard under Rule 11 is that sanctions may be imposed if a reasonable inquiry discloses that a pleading, motion, or paper is either:  (1) not well grounded in fact; (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law; or (3) interposed for any improper purpose such as harassment or delay. *Universal Surveillance Corp. v. Checkpoint Sys.*, 2013 U.S. Dist. LEXIS 187040, at *21-2 (N.D. Ohio Oct. 16, 2013). Rule 11 authorizes a party to request sanctions against any person or entity who signs

---

[1] Sanctions related discovery and to attorney's fees are completely inapplicable here, as the Motion for Sanctions does not allege any improper conduct related to the current case, as this case has not proceeded to the discovery phase.

a pleading, motion, or other paper, whether that person is an attorney, a client, or a *pro se* litigant. *Invst Fin. Group v. Chem-Nuclear Sys.*, 815 F.2d 391, 401 (6th Cir.1987). The purpose of Rule 11 sanctions is to deter the abuse of the legal process. *Universal Surveillance Corp.,* 2013 U.S. Dist. LEXIS 187040, at 21-2.

A party may not bring sanctions for alleged misconduct in a separate case as the right to move for sanctions under Rule 11 is waived once the separate case is concluded. The 1993 Advisory Committee Note states that Rule 11 motions should be served "promptly." *Notes of Advisory Committee on Rules – 1993 Amendment*. The Sixth Circuit has defined "promptly" to mean that a motion for sanctions must be both served and filed with the court prior to conclusion of the case. *Ridder v. City of Springfield,* 109 F.3d 288, 295 (6th Cir. 1997).

The Court must also evaluate the timing of a motion for sanctions under Rule 11. A motion for sanctions may be barred by the "safe harbor" provision in Rule 11(c)(2). This rule provides that the motion for sanctions is not to be filed until at least 21 days after being served. If, during this period, the alleged violation is corrected the motion will not be filed with the court. The Sixth Circuit has held that this safe harbor provision not only controls the earliest date on which a motion for sanctions may be filed, but it also indirectly controls the last date on which a Rule 11 sanctions motion may be filed. At the very least, a party must serve its Rule 11 motion before the court has ruled on the pleading, and thus before the conclusion of the case. *Ridder v. City of Springfield*, 109 F.3d 288, 295 (6th Cir. 1997). Otherwise, the purpose of the "safe harbor" provision would be nullified as it would be impossible under Rule 11(c)(2) to file the motion or otherwise present it to the court. *Id.* Therefore, a party may not bring a motion for sanctions once the case is concluded.

While it is not clear whether Plaintiffs' Motion is based on the provisions of Rule 11, it is obvious that Plaintiffs are improperly attempting to hold Defendants responsible for actions that occurred in a previous case. Plaintiffs only allege that Defendants failed to notify them and the Court that the Chief issued the Order, and that this sole allegation affected the *previous* litigation in 2015. This is clear from the allegations of "wrongful conduct" set forth in Plaintiffs' Motion. (Plaintiffs' Motion for Sanctions, Doc #:11, PageID#417, at pp. 8-9). Each and every claim relates to the previous action, which was dismissed on September 1, 2015. There are no claims of how the notification delay or the subsequent dismissal of the 2015 action has any effect on the *current* litigation. Plaintiffs are clearly attempting to use this case to seek sanctions for a matter that has already concluded. As the Sixth Circuit has made clear, such a request is improper.

Plaintiffs also fail to establish a basis for Rule 11 Sanctions because the allegations in the Motion do not relate to a pleading filed in this case. At this point, the only pleading filed by Defendants is a Motion to Dismiss. Chief Simmers did not sign the Motion to Dismiss – or any pleading in the previous case – and therefore sanctions are not available against him. And, while Attorney Becker signed the Motion to Dismiss as counsel for Defendants, Plaintiffs fail to establish a basis for sanctions against him based on the pleading. Plaintiffs' Motion for Sanctions makes no reference to the Motion to Dismiss filed in *this* case, either directly or tangentially. To the contrary, Plaintiffs clearly allege that Defendants actions relate to the dismissal of the *2015 case* and pleadings filed in *that* action. As stated above, Plaintiffs cannot be permitted to use the current litigation as a vehicle through which to air grievances for actions in prior litigation; to do so runs afoul of the very purpose for which Rule 11 exists. Therefore, this Court should deny Plaintiffs' Motion for Sanctions.

### ii. Inherent Power of the Court

Plaintiffs' failure to provide the legal basis for their Motion for Sanctions forces Defendants – and this Court – to guess at Plaintiffs' intent. Arguably, Plaintiffs' omission may be seen as evidence of the fact that Plaintiffs have no legal justification for their Motion. However, in an attempt to provide this Court with a thorough response and, assuming for argument's sake, that Plaintiffs simply neglected to include their legal basis, the only two viable bases upon which to request sanctions are Rule 11 and the inherent power of the Court. Even if this assumption is correct, and Plaintiffs bring this action under the inherent power of the Court, Plaintiffs still fail to present a valid argument for sanctions against these Defendants.

A court has the "inherent power to sanction a party when that party exhibits bad faith." *Youn v. Track, Inc.,* 324 F.3d 409, 420-421 (6th Cir. 2003), *citing Chambers v. NASCO*, 501 U.S. 32, 43-50, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Inherent powers come from the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Stalley v. Methodist Healthcare*, 517 F.3d 911, 920 (6th Cir. 2008), *quoting Chambers*, 501 U.S. at 43. The court should "ordinarily rely on the Rules rather than the inherent power," but if the Rules are not sufficient in the informed discretion of the court, the court may "safely rely on its inherent power." *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 511 (6th Cir. 2002).

The standard for imposing sanctions under the court's inherent authority is stricter than when the court imposes sanctions pursuant to statute or rule. A court may exercise its inherent power to sanction "only when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," or "when the conduct was tantamount to bad faith." *Universal Surveillance*

*Corp. v. Checkpoint Sys.*, 2013 U.S. Dist. LEXIS 187040 (N.D. Ohio, October 16, 2013), *citing Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011).

Plaintiffs' attempt to invoke this Court's inherent authority to receive an award of sanctions fails for multiple reasons. The Court has authority only over the current litigation; the Court's jurisdiction over the 2015 matter terminated when the Court dismissed the case on September 1, 2015. Had Plaintiffs moved for sanctions as a result of conduct in the *current* case, this Court would certainly have the inherent authority to consider Plaintiffs' claims. However, as more previously explained, Plaintiffs' Motion for Sanctions only references the 2015 action, and makes no legal connection between the alleged sanctionable conduct and the current litigation. The issue of sanctions is therefore not within the current jurisdiction of this Court. Moreover, Plaintiffs do not allege – and cannot allege, due to the absence factual support – that Defendants acted in bad faith or with malicious intent. Seeking sanctions for allegations of mere error or omission in a case that concluded over two years ago is, itself, a decision rooted in bad faith, and should be denied.

### B. The delay in providing notice of the unitization order did not prejudice Plaintiffs, either in the 2015 case or in this current litigation.

It is evident that Plaintiffs are attempting to use this Court to punish Defendants for a case that ended, in this Court, over two years ago. Apparently unsatisfied with the Ohio Supreme Court's determination that Plaintiffs had an adequate remedy at law, but failed to avail themselves of that remedy, Plaintiffs make a second attempt to resolve these claims in this Court. Now, unsatisfied with Defendants' attempts to dismiss the current action – made in good faith

and with sound legal support – Plaintiffs attempt to distract the Court by alleging improper conduct in a case no longer on this Court's docket.

Plaintiffs mislead this Court by alleging that the Court would not have dismissed the 2015 case if it were aware that the Order was issued. This assertion shows Plaintiffs' clear misunderstanding of this Court's September 1, 2015 Memorandum of Opinion and Order dismissing that action. In its opinion, this Court found Plaintiffs' claims unripe on *two* grounds: (1) that the Order was not yet issued; and (2) that Plaintiffs had not yet availed themselves of Ohio's procedures for obtaining just compensation, which is a requirement for ripening a takings claim. It is clear from the opinion that the Court would have dismissed this action even if it was aware that the Chief issued the Order. *See* "Memorandum of Opinion and Order," Case No. 15 CV 346, at pp. 6-7 (Sept. 1, 2015).

The Court's reasoning on the ripeness of a takings claim is sound. "Where a property holder asserting a regulatory takings claim has not resorted to state procedures for obtaining just compensation and has made no claim that these procedures are inadequate, his takings claim is not ripe for federal court review." *Tri-Corp. Mgmt. Co. v. Praznik*, 33 Fed. Appx. 742, 750, 2002 U.S. App. LEXIS 6199 at *22-3, *citing Silver v. Franklin Township Bd. Of Zoning Appeals,* 966 F.2d 1031, 1035 (6th Cir. 1992). In Ohio, plaintiffs have "reasonable, certain, and adequate procedures" to pursue compensation for an involuntary taking. *Coles v. Granville*, 448 F.3d 853, 865 2006 U.S. App. LEXIS 12499 at *32 (6th Cir. 2006).

In the 2015 action, Plaintiffs alleged a regulatory takings resulting from the Chief's issuance of the Order establishing a drilling unit that included Plaintiffs' property. Before analyzing the ripeness issue, it is essential for the Court to understand that Plaintiffs' takings claim is meritless, as Plaintiffs' mineral interest in the oil and gas in the drilling unit is subject to

9

a lease agreement that has yet to be challenged by Plaintiffs in any court. Plaintiffs are not compensated under the terms of the Order; they are compensated under the terms of their private lease agreement. The real issue is not the ripeness of Plaintiffs' takings claim – the issue is that Plaintiffs have no valid takings claim *at all*.

Even if Plaintiffs had a valid takings claim, the claim did not ripen until January 16, 2018 – more than two years after this Court dismissed Plaintiffs' case. This Court instructed Plaintiffs to seek compensation through the State procedures before the federal court could assert jurisdiction over the claims. Initially, Plaintiffs ignored this direction, and filed an appeal with the Ohio Oil and Gas Commission. Of note, Plaintiffs filed their appeal after receiving a copy of the Order in November of 2015; Plaintiffs did *not,* however, file a Complaint with this Court. If Plaintiffs' truly believed that the issuance of the Order ripened their takings case, it was their right – and responsibility – to reassert their claims in this Court. Because the Plaintiffs chose not to do so only strengthens Defendants' assertion that no prejudice resulted from the actions of Chief Simmers and Becker.

The Commission dismissed Plaintiffs' appeal because it lacks jurisdiction to hear constitutional issues. Plaintiffs neglected to appeal the Commission's dismissal pursuant to O.R.C. 1509.37 to the Franklin County Court of Common Pleas, which does have jurisdiction to consider constitutional matters, and instead immediately turned to the Ohio Supreme Court on an original action in mandamus. On January 16, 2018, the Ohio Supreme Court denied Plaintiffs' writ of mandamus because Plaintiffs failed to avail themselves of the adequate remedy at law when they did not appeal the Commission's dismissal. *State, ex rel. Kerns, et al. v. Simmers, et al.*, 2018-Ohio-256. With the Court's denial, any alleged takings claim was ripened. The date of the Chief's Order is nothing more than a factual consideration, which does not have any effect on

this litigation nor any previous litigation between the parties, and any alleged failure to provide notice of that Order does not warrant the imposition of sanctions.

## IV. CONCLUSION

For the reasons above, Chief Simmers and Brian Becker respectfully request that this Court deny Plaintiffs' Motion for Sanctions.

    Respectfully submitted,

    MICHAEL DEWINE (0009181)
    Ohio Attorney General

    */s/ Molly S. Corey*_____
    MOLLY S. COREY (0079287)
    Assistant Attorney General
    Environmental Enforcement Section
    2045 Morse Road, A-3
    Columbus, Ohio 43229-6693
    Phone: 614-265-7071
    Fax: 614-268-8871
    molly.corey@ohioattorneygeneral.gov
    *Counsel for Chief Richard Simmers and Brian J. Becker*

**CERTIFICATE OF SERVICE**

    The undersigned certifies that the foregoing was served electronically through this Court's electronic service system upon all parties and/or counsel of record on this 4th day of April 20, 2018. Notice of this filing is sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system

    The undersigned also certifies that notice was made by regular and electronic mail to counsel for non-party Katerina E. Milenkovski on April 20, 2018, at the address below:

J. Kevin West
Steptoe & Johnson PLLC
Huntington Center
41 S. High Street, Suite 2200
Columbus, Ohio 43215
Kevin.west@steptoe-johnson.com

                                                  /s/*Molly S. Corey*_____
                                                  Molly S. Corey (0079287