**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Corey A. Kerns,** *et al.*, | ) | **CASE NO. 5:18 CV 389** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **Chesapeake Exploration, LLC,** *et al.*, | ) | **Order** |
| | ) | |
| **Defendants.** | ) | |

This matter is before the Court upon Plaintiffs' Motion for Sanctions. For the reasons that follow, Plaintiffs' motion is DENIED.

**FACTS**

In February 2015, Plaintiffs filed a complaint in this Court against, among others, Chesapeake Exploration, LLC and Richard Simmers, the Chief of the Ohio Department of Natural Resources, Division of Oil and Gas Resources Management (the "Division"). The Complaint alleged wrongdoing with the potential "takings" of Plaintiffs' natural gas rights located beneath the surface of their land, in connection with a unitization application that had been filed by Chesapeake with the Division. *See Kerns, et al. v. Chesapeake Exploration, LLC,*

1

*et al.*, No. 15 CV 346, Doc. 1 (N.D. Ohio, Feb. 23, 2015) ("*Kerns I*"). Both defendants moved to dismiss the complaint. On September 1, 2015, the Court dismissed Plaintiffs' complaint because Chesapeake's application was still pending and Plaintiffs had not yet availed themselves of Ohio's procedures for obtaining just compensation. Neither Chesapeake nor Richard Simmers informed the Court that Simmers had issued the Unitization Order on July 13, 2015, while the parties were briefing the motions to dismiss. Plaintiffs did not receive notice of the Unitization Order until November 4, 2015, when it was posted on the Division's website.

On February 19, 2018, Plaintiffs filed this lawsuit against Chesapeake and Richard Simmers, again alleging unconstitutional takings in connection with Chesapeake's application, the Unitization Order and corresponding drilling permit, as well as Chesapeake's subsequent drilling. Chesapeake and Simmers have both moved to dismiss Plaintiffs' complaint. While the parties were briefing the motions to dismiss, Plaintiffs filed the motion for sanctions at issue here against Simmers and his former attorney, Brian Becker, as well as Katerina Milenkovski, the former attorney for Chesapeake. Richard Simmers, Brian Becker, and Katerina Milenkovski oppose the motion.

**ANALYSIS**

Plaintiffs ask the Court to impose sanctions on Simmers, Becker, and Milenkovski for failing to inform Plaintiffs and the Court in *Kerns I* that Simmers had issued the Unitization Order on July 13. Specifically, Plaintiffs ask for sanctions in the form of attorneys' fees, reimbursement of costs, and any further sanctions the Court deems "proper and just." Plaintiffs argue that Simmers's issuance of the Order was a material fact affecting the Court's decision to grant the pending motions to dismiss in *Kerns I*.

The Court finds that sanctions are not warranted here.  On the facts of this case, this litigation is not the proper venue for Plaintiffs to air grievances for actions that occurred in *Kerns I*.  *Kerns I* is a separate case that was closed almost three years ago.  Plaintiffs received notice of the Unitization Order on November 4, 2015, and yet do not explain why they waited until now to request sanctions.  Moreover, the status of the Unitization Order was not the only grounds for this Court's dismissal of *Kerns I*.  Rather, the Court also held that Plaintiffs' claims were not ripe because Plaintiffs had not availed themselves of Ohio's procedures for obtaining just compensation.  *See Kerns I,* Doc. 43, p. 6-7.[1]

### CONCLUSION

For the foregoing reasons, the motion for sanctions is DENIED.

IT IS SO ORDERED.

 /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Court
Chief Judge

Dated: 6/13/18

---

[1] In her opposition to the motion for sanctions, Milenkovski requests that the Court grant her the costs and attorneys' fees associated with responding to the motion.  Given all of the facts, the Court declines to do so.